UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEAN J. DILLON,

   *Petitioner*,

  v.

CHRISTINE WORMUTH, *in her capacity as the Secretary of the Army*,

   *Respondent*.

Civil Action No. 1:21-cv-02124 (CJN)

## MEMORANDUM OPINION

A court-martial tried, convicted, and sentenced Sean Jay Dillon for violating several provisions of the Uniform Code of Military Justice when he sexually abused his own daughters. *See United States v. Dillon*, No. ARMY 20160324, 2019 WL 302073, at *2 (A. Ct. Crim. App. Jan. 17, 2019). Proceeding pro se here, Dillon has filed what he styles as a petition for a writ of habeas under 28 U.S.C. § 2241. *See generally* Dillon's Habeas Petition ("Petition"), ECF No. 1. The Army has moved to dismiss Dillon's habeas petition on the grounds that the Court lacks subject-matter jurisdiction and because of improper venue. *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 13. The Court grants the Army's motion to dismiss but makes clear that Dillon may refile his § 2241 habeas petition in the proper jurisdiction.

### I.  Facts & Procedural Background

Dillon enlisted in the United States Army in June 1996. *See generally* Petition. He remained on active duty for the next seventeen years and was deployed several times. *Id.* Dillon sustained serious injuries while overseas. *Id.* In 2013, the Army reassigned Dillon because of medical reasons to the Warrior Transition Unit in Fort Sill, Oklahoma. *Id.* ¶ 61.

1

Dillon claims that at Fort Sill the Army reviewed his medical files and directed that he be involuntarily retired no later than November 30, 2015. *Id.* ¶ 65. He also alleges that the Army provided him with paperwork indicating that his separation from service resulted from engagement with enemy combatants. *Id.* ¶¶ 66, 71.

A month or so before Dillon's retirement date, the Army voided Dillon's paperwork due to a pending court-martial. *See generally id.* In April 2016, a military judge convicted Dillon of violating several provisions of the Uniform Code of Military Justice because Dillon had sexually abused his own daughters. *See Dillon*, 2019 WL 302073, at *2. Dillon received a sentence of dishonorable discharge, thirty years of confinement, and a reduction to his pay grade. *Id.* at *1. As a result of the court-martial, the Army ordered Dillon confined to the Disciplinary Barracks at Fort Leavenworth, Kansas. *Id.*

Dillon appealed his conviction, arguing in part that the court-martial lacked jurisdiction over him because he had already retired from military service at the time of the proceeding. *See* Petition ¶ 74. In January 2019, the Army Court of Criminal Appeals affirmed Dillon's sentence, finding Dillon's "claim regarding personal jurisdiction . . . meritless" because even though Dillon "was close to retirement . . . , he was not, in fact, retired." *Dillon*, 2019 WL 302073, at *1 n.1.

Still incarcerated, and proceeding pro se, Dillon now brings a "petition under a writ of Habeas Corpus, 28 U.S.C. § 2241" to "direct Defendant to release the petitioner from confinement at the U.S. Disciplinary Barracks, at Fort Leavenworth, a federal military enclave as the Army had no jurisdiction over the petitioner." Petition ¶ 1. The Army has moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). *See generally* Def.'s Mot. The Court issued an Order in conformity with *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), informing Dillon that a failure to respond to the

Army's motion to dismiss on or before March 21, 2022 could result in dismissal of his action. *See Fox-Neal* Order, ECF No. 14.

## II.   Standards of Review[1]

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a habeas petition if the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Hamidullah v. Obama*, 899 F. Supp. 2d 3, 7 (D.D.C. 2012). When ruling on a motion filed under Rule 12(b)(1), the court must "treat the [petitioner's] factual allegations as true" and must afford the petitioner "the benefit of all inferences that can be derived from the facts alleged." *Delta Air Lines, Inc. v. Export–Import Bank of U.S.*, 85 F. Supp. 3d 250, 259 (D.D.C. 2015) (quotation omitted). Although the court need not accept inferences unsupported by the factual allegations, the court "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 56 (D.D.C. 2015) (quotation omitted).

## III.   Habeas Petitions Arising from a Court-Martial Proceeding

28 U.S.C. § 2241, which dates to the Judiciary Act of 1789, allows courts to grant writs of habeas corpus to prisoners "in custody" only "within their respective jurisdictions." *See* 28 U.S.C. §§ 2241(a), (c); *see also* Justin W. Aimonetti, *Confining Custody*, 53 CREIGHTON L. REV. 509 (2020) (tracing the statutory history of § 2241 from past to present and unpacking the "custody" requirement). A writ of habeas corpus acts upon the person holding the prisoner in custody rather than upon the prisoner himself. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C.

---

[1] The Court recognizes that it must use a more lenient approach when evaluating a motion to dismiss a pro se litigant's complaint or petition. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (noting that "a district court errs in failing to consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss").

3

Cir. 2004). Under the "immediate custodian rule," then, a court may issue the writ only if it has jurisdiction over the person doing the confining. *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004); *see also id.* at 441 (noting that a § 2241 habeas petitioner seeking to challenge his present physical custody within the United States "should name his warden as respondent and file the petition in the district of confinement").

For much of this nation's history, the immediate custodian rule channeled § 2241 habeas petitions "into the few courts with jurisdiction over prisons, compelling those courts to review cases from faraway locations." *Hueso v. Barnhart*, 948 F.3d 324, 327 (6th Cir. 2020). That rule created a logjam of § 2241 habeas petitions in a handful of federal courts. *Id.* In 1948, Congress undammed those dockets by eliminating the need for courts to review distant judgments with the creation of a new cause of action in 28 U.S.C. § 2255. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence," must file a motion under § 2255 in "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017). One exception applies to the requirement that federal prisoners use § 2255 rather than § 2241: A "federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of his detention.'" *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (Gorsuch, J.) (quoting 28 U.S.C. § 2255(e)).

The law governing habeas petitions comes with a twist when the petitioner challenges the results of his court-martial. Courts-martial hear cases "involving a wide range of offenses,

4

including crimes unconnected with military service." *Ortiz v. United States*, 138 S. Ct. 2165, 2170 (2018). The court-martial proceeding itself is "an officer-led tribunal convened to determine guilt or innocence and levy appropriate punishment." *Id.*; *see also* 10 U.S.C. §§ 816, 818, 856a. An order from a commanding officer calls the ad hoc tribunal into existence. *Ackerman v. Novak*, 483 F.3d 647, 651 (10th Cir. 2007). Once convened, the tribunal considers the "set of charges that the commander has referred to" it. *Id.* And the tribunal dissolves after the purpose for which it convened has been resolved. *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

A petitioner convicted in, and sentenced by, a military tribunal cannot utilize § 2255 to launch a collateral attack on his conviction because the tribunal dissolved once the proceedings concluded. *McCarthan*, 851 F.3d at 1110 (Jordan, J., concurring in part and dissenting in part). In these circumstances, then, § 2241 rather than § 2255 applies because § 2255 is "inadequate or ineffective to test the legality of [one's] detention." 28 U.S.C. § 2255(e); *Brown v. Sec'y of the U.S. Army*, 859 F. App'x 901, 901 (11th Cir. 2021) (per curiam). In other words, a petition for habeas relief under § 2241, rather than a motion under § 2255, represents the proper "vehicle for district-court review of a military conviction." *Youngberg v. Watson*, No. 19-1140, 2021 WL 2815412, at *1 (7th Cir. Mar. 5, 2021); *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011); *Gilliam v. Bureau of Prisons*, 208 F.3d 217 (8th Cir. 2000) (per curiam) ("[A] person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist."); *Beras v. Johnson*, 978 F.3d 246, 260 (5th Cir. 2020) (Oldham, J., concurring) (noting that § 2241 is used for habeas challenges to military convictions); *see also Clinton v. Goldsmith*, 526 U.S. 529, 538 n.11 (1999) (noting that "once a criminal conviction has been finally reviewed within the military system, and a servicemember in

custody has exhausted other avenues provided under the UCMJ to seek relief from his conviction, . . . he is entitled to bring a habeas corpus petition [under] 28 U.S.C. § 2241(c)").

### IV. The Court lacks Subject-Matter Jurisdiction over Dillon's Habeas Petition

Recall that Dillon remains incarcerated at the Disciplinary Barracks in Fort Leavenworth, Kansas. *See generally* Petition. Dillon claims that his sentence suffers from jurisdictional infirmities, and he attacks these infirmities with a habeas petition filed under 28 U.S.C. 2241. *See id.* ¶ 2. In particular, Dillon brings a "petition under a writ of Habeas Corpus, 28 U.S.C. § 2241" to "direct Defendant to release the petitioner from confinement at the U.S. Disciplinary Barracks, at Fort Leavenworth, a federal military enclave as the Army had no jurisdiction over the petitioner." *Id.*

As discussed above, the proper respondent in a § 2241 habeas action is the prisoner's current custodian. *See Padilla*, 542 U.S. at 434–35; *Blair–Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). Dillon remains incarcerated at Leavenworth, Kansas and "his custodian is the commandant of that facility." *Monk v. Secretary of Navy*, 793 F.2d 364, 368–69 (D.C. Cir. 1986). Dillon should therefore have brought his petition against the commandant of the facility where he remains detained rather than against the Secretary of the Army. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc).

In an attempt to establish the Court's jurisdiction over his petition, Dillon argues that venue "lies in this Court . . . because the Defendant has an official office in the district of Columbia." Petition ¶ 20. But Dillon's "immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439. Crediting Dillon's argument would allow a prisoner to name "the State or the Attorney General as a respondent to a § 2241 petition,"

which would conflict with "statutory language, established practice, and [] precedent." *Id.* at 439–40.

Two final notes. First, Dillon seems to have raised a Fifth Amendment procedural due process challenge on the basis that he had retired from the military at the time of the court-martial proceeding and that the military tribunal therefore lacked jurisdiction over him. *See* Petition ¶¶ 84–89; *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). But it is this Court that lacks jurisdiction over Dillon's §2241 petition because he failed to bring his habeas petition in the jurisdiction where the proper respondent resides. The Court, as it must, declines to pass on the merits of Dillon's arguments. Second, Dillon attempts to utilize the Declaratory Judgment Act, 28 U.S.C. § 2201, as an independent basis for the Court to entertain his action. *See* Petition ¶ 17. But the Declaratory Judgment Act is not an independent basis for jurisdiction. *See Porzecanski v. Azar*, 943 F.3d 472, 485 n.11 (D.C. Cir. 2019).

## V.     Conclusion

For the foregoing reasons, the Army's motion to dismiss is **GRANTED** and Sean Jay Dillon's petition for habeas relief under § 2241 is **DENIED without prejudice**. Dillon may refile his habeas petition in the proper jurisdiction. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE:  March 31, 2022

CARL J. NICHOLS
United States District Judge